```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

_____

LORREN CHANDLER,

        Plaintiff,              Civil No.
                                       15-1973(NLH/AMD)

v.

                                       **OPINION**

DEX MEDIA,
formerly known as
SUPERMEDIA,

        Defendant.

_____

**APPEARANCES:**

LORREN CHANDLER
936 RUTH WAY
DOVER, DE 19904
    Appearing *pro se*

ROBIN KOSHY
THERESA DONAHUE EGLER
OGLETREE DEAKINS NASH SMOAK & STEWART PC
10 MADISON AVENUE
SUITE 400
MORRISTOWN, NJ 07960
    On behalf of defendant

**<u>HILLMAN</u>, District Judge**

      This case concerns allegations of employment discrimination. Presently before the Court is the motion of defendant to dismiss plaintiff's complaint. For the reasons expressed below, defendant's motion will be granted, and plaintiff shall be afforded 30 days to file an amended complaint.

**BACKGROUND**

Plaintiff, Lorren Chandler, worked at defendant, Dex Media. Plaintiff claims that she was fired from her job on May 5, 2012 in violation of her civil rights.  Plaintiff, appearing *pro se*, filled out a form "EEOC Complaint,"[1] claiming "Termination while covered under Disability, Retaliation due to ongoing Workers Compensation, and Sexual Harassment Complaint (known)."  (Docket No. 1 at 3.)  Defendant has moved to dismiss plaintiff's claims because she did not timely exhaust her EEOC remedies.  Plaintiff has opposed defendant's motion.

**DISCUSSION**

**A.  Jurisdiction**

Plaintiff brings claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.  This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**B.   Standard For Motion To Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as

---

[1] The form "EEOC Complaint" is provided by the Court to non-prisoner *pro se* litigants at http://www.njd.uscourts.gov/forms/eeoc-complaint.

true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

    A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for

3

the 'no set of facts' standard that applied to federal complaints before Twombly.").

### C. Analysis

A Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file her charge with the EEOC within the appropriate time period - 180 or 300 days - set forth in 42 U.S.C. § 2000e-5(e)(1).  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002).  If the EEOC finds that that it sees no reason to take action on the complaint, it will issue a "right-to-sue" letter; a complainant cannot file a Title VII suit without having first received a right-to-sue letter, and the suit must be filed within 90 days of the date on which the complainant receives the right-to-sue letter.  Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) (citations omitted).  "Both the 180-day [or 300-day] period for filing the administrative complaint and the 90-day period for filing the court action are treated as statutes of limitations."  Id.

Here, plaintiff filed her charge with the EEOC on April 23, 2014, and she received a right-to-sue letter on January 5, 2015.[2]

---

[2] The right-to-sue letter was issued on June 20, 2014, but it was mailed to an incorrect address.  The error was discovered and the right-to-sue letter was mailed to plaintiff's correct address on January 5, 2015.  For equitable reasons, the Court will consider January 5, 2015 as the date of her right-to-sue

4

Even though plaintiff filed her complaint within 90 days of the right-to-sue letter, the conduct she alleges violated Title VII occurred on or before May 12, 2012, which is beyond the 300-day time period.  Thus, plaintiff's claims are time-barred.

The Court recognizes, however, that the Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  Even though plaintiff's civil rights claims are time-barred, plaintiff's complaint cursorily references discrimination for violations of the Americans with Disabilities Act, claims based upon which are not subject to the EEOC exhaustion of administrative remedies requirements. Consequently, the Court will allow plaintiff to file an amended complaint, if she can do so consistent with Federal Civil Procedure Rule 11.[3]  Plaintiff is instructed that even though *pro*

---

letter.  See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) ("We have strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed.").

[3] Rule 11 provides, in relevant part,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or

5

*se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

---

later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).

## CONCLUSION

For the reasons expressed above, defendant's motion to dismiss plaintiff's complaint will be granted. Plaintiff shall be afforded 30 days to file an amended complaint consistent with this Opinion.

An appropriate Order will be entered.


Date: October 1, 2015         s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.