UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

LORREN CHANDLER,

        Plaintiff,        Civil No.
                                      15-1973(NLH/AMD)

v.
                                      **OPINION**

DEX MEDIA,
formerly known as
SUPERMEDIA,

        Defendant.

_____

**APPEARANCES:**
LORREN CHANDLER
936 RUTH WAY
DOVER, DE 19904
    Appearing *pro se*

ROBIN KOSHY
THERESA DONAHUE EGLER
OGLETREE DEAKINS NASH SMOAK & STEWART PC
10 MADISON AVENUE
SUITE 400
MORRISTOWN, NJ 07960
    On behalf of defendant

**HILLMAN, District Judge**

    This is an employment discrimination case alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  The Court previously dismissed plaintiff's claims because they were time-barred.  (Docket No. 17, 18, 21.)  Because plaintiff was proceeding *pro se*, the Court granted her leave, pursuant to

Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), to file an amended complaint.[1] Plaintiff filed an amended complaint, and defendants have moved again to dismiss plaintiff's claims.

The Court finds that plaintiff's amended complaint has not cured the deficiencies of her original complaint. As found in the Court's prior Opinion, Docket No. 17, plaintiff filed her charge with the EEOC on April 23, 2014, and she received a right-to-sue letter on January 5, 2015. Even though plaintiff filed her complaint within 90 days of the right-to-sue letter, the alleged discriminatory acts occurred on or before May 12, 2012, which is beyond the 300-day time period. Thus, the Court found that plaintiff's claims were time-barred. None of the allegations in plaintiff's amended complaint change this outcome.

Moreover, it appears that any new allegations in her amended complaint that concern ADA violations fail because plaintiff has not exhausted her administrative remedies. See Itiowe v. NBC Universal Inc., 556 F. App'x 126, 128 (3d Cir. 2014) (citing Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999)) ("A claim that one has suffered disability discrimination in the employment context may be brought pursuant to the ADA, but the

---

[1] The Court reminded plaintiff in the two prior Opinions that she "must be mindful that she should file an amended complaint only if she can do so consistent with Federal Civil Procedure Rule 11."

2

ADA requires that a plaintiff pursue administrative remedies with the Equal Employment Opportunity Commission before filing a complaint in federal court.").

In opposition to defendant's motion to dismiss, plaintiff argues that the equitable tolling doctrine should permit her EEOC claim to be considered timely.  Equitable tolling is appropriate in Title VII cases where "the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum."  Dicroce v. Norton, 218 F. App'x 171, 173 (3d Cir. 2007) (quoting Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999) (internal citations omitted)).  District courts are to apply equitable tolling sparingly.  Id.

To support her equitable tolling argument, plaintiff contends that she made three phone calls to the EEOC but her calls were never returned.  As a result of the EEOC's delay, plaintiff claims that her rights were prejudiced.

The Court does not find several unreturned phone calls to the EEOC sufficient to demonstrate that the EEOC mislead her.  Further, the circumstances surrounding her efforts to contact the EEOC do not show that she was prevented in an extraordinary way from asserting her rights.  Nor has Plaintiff alleged any facts to suggest she asserted her claims in the wrong forum at the

right time.  In short, plaintiff has not demonstrated that the rarely implicated equitable tolling doctrine should be applied here.  See, e.g., Jackson v. Homechoice, Inc., 368 F.3d 997, 999 (8th Cir. 2004) (plaintiff was not entitled to equitable tolling despite having made "numerous calls to the EEOC and was always told his file was unavailable and the EEOC would get back to him" because the plaintiff did not show any "misconduct by the EEOC that warrants equitable tolling"); Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997) ("[W]e hold that one phone conversation with an EEO counselor does not rise to the level of being prevented in an 'extraordinary way' by the EEOC from asserting his rights."); Podobnik v. U.S. Postal Serv., 409 F.3d 584, 592 (3d Cir. 2005) ("[A]ny errant advice Appellant may have received from an EEOC employee did not rise to the level of an 'extraordinary' circumstance justifying tolling of the limitations period."); Cross v. New Jersey, Div. of Criminal Justice, 2012 WL 253181, at *4 (D.N.J. Jan. 26, 2012) (finding that the "plaintiff's vague allegations that she made repeated inquiries as to the status of her EEO complaint do not support a plausible inference that she is entitled to the benefit of equitable tolling of her Title VII claim . . . and nothing about her inquiries regarding the internal investigation should have prevented her from actively pursuing her claim in a timely manner").

4

Consequently, for the foregoing reasons, and the reasons expressed in the Court's prior two Opinions, plaintiff's amended complaint must be dismissed.  An appropriate Order will be entered.


Date: August 17, 2016              s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.